**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MICHAEL WATCHULONIS,

     Plaintiff,

     v.

CITY OF ATLANTA, et. al,

     Defendants.

CIVIL CASE NO.:
1:23-CV-02204-MLB

**NOTICE OF FILING PLAINTIFF'S STATEMENT**
**FOR THE COURT AS DIRECTED BY DOC. 155**

COMES NOW, Michael Watchulonis, Plaintiff in the above-styled case, and gives notice of his filing of *Plaintiff's Statement for the Court as Directed by Doc. 155* ("Plaintiff's Statement"), pursuant to this Court's July 21, 2026 Order by docket entry. A true and correct copy of Plaintiff's Statement as provided to the Court and Defendants at the July 20, 2026 Hearing is attached hereto as Exhibit "1".

Respectfully submitted, this 21st day of July, 2026.

/s/ Brian J. Sutherland
Georgia Bar No. 105408

Beal, Sutherland, Berlin & Brown, LLC
945 East Paces Ferry Road, Suite 2275
Atlanta, Georgia 30326
678-449-0361
brian@beal.law

1

Gerald Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, GA 31107
(404) 522-0507
wgerryweber@gmail.com

Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange, Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dragoceparlaw@gmail.com

*Attorneys for Plaintiff*

2

**EXHIBIT "1"**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHAEL WATCHULONIS,

     Plaintiff,

     v.

CITY OF ATLANTA, et. al,

     Defendants.

CIVIL CASE NO.:

1:23-CV-02204-MLB

<u>Plaintiff's Statements for the Court as Directed by Doc. 155</u>

*Counts as Pled in Amended Complaint:*

1.    First Amendment Interference with Reporting and Filming in Retaliation for Filming
2.    First Amendment Retaliation through Seizure and Detention (and threat of arrest if footage not deleted)
3.    Fourth Amendment Unlawful Seizure ("seizure," "detention," and "without probable cause")

<u>As to Counts I and II:</u>

- "Plaintiff must come prepared with a short and plain statement fully explaining the exact nature of his First Amendment claims in Counts One and Two. One claim (or theory) per count. Six sentences or less per count. No group pleading of what 'Defendants' did[.]"

    1.    As to Defendant Bentley, Plaintiff alleges that Bentley lacked any articulable suspicion that he was engaged in

any wrongdoing when he accosted Plaintiff, and therefore by detaining him until Cantin arrived, Bentley (1) violated the First Amendment by interfering with Plaintiff's right to film police conduct through the detention of him and his cameras (Count I) and (2) retaliated against him for engaging in First Amendment activity by detaining him and his cameras (Count II).

2. Also as to Defendant Bentley, Plaintiff also alleges, that even if Bentley had articulable suspicion that Plaintiff was engaged in any wrongdoing when accosting him and detaining him for Cantin, Bentley (1) violated the First Amendment under *Nieves* by interfering with Plaintiff's right to film in retaliation for his filming them (Count I) and (2) detained him and seized his cameras in retaliation for his First Amendment activity in violation of *Nieves* (Count II).

3. As to Defendant Cantin, Plaintiff alleges that Cantin lacked any probable cause to arrest Plaintiff for trespassing, to seize his cameras, and to take him to the "staging area," and because of this, Cantin (1) violated the First Amendment by interfering with Plaintiff's right to film police conduct through arresting him and seizing his cameras (Count II), and (2) violated Plaintiff's right to be free from retaliation for First Amendment activity through the arrest of him and seizure of his cameras (Count II).

4. Also as to Defendant Cantin, Plaintiff alleges that even if Defendant Cantin had probable cause to arrest him, seize his cameras, and take him to the "staging area," Cantin

(1) violated the First Amendment under *Nieves* by interfering Plaintiff's First Amendment activity in retaliation for his filming them (Count I) and (2) violated Plaintiff's right to be free from retaliation for First Amendment activity through the arrest of him and seizure of his cameras in violation of *Nieves.*

5.   As to Defendant Carter, Plaintiff alleges that he lacked either articulable suspicion or probable cause to prolong the detention of Plaintiff for an additional 13 minutes and threaten him with formal arrest if he did not delete his camera footage, and therefore Carter (1) interfered with Plaintiff's First Amendment right to film the police (Count I) and (2) retaliated against him for his First Amendment activity by prolonging the detention and attempting to coerce him to delete his footage (Count II).

6.   Also as to Defendant Carter, Plaintiff alleges that, even if Defendant Carter had articulable suspicion or probable cause to prolong the detention and threaten Plaintiff with formal arrest, he (1) interfered with Plaintiff's First Amendment right to film the police in retaliation for his engaging in that activity under *Nieves* (Count I), and (2) retaliated against Plaintiff for his First Amendment activity in violation of *Nieves.*

*As to Count III:*

- "Plaintiff must come prepared to provide the same type of short and plain statement as to each Defendant's alleged liability for the Fourth Amendment violation: one claim (or theory) per Defendant for the count; six sentences or less; a plain statement of the exact claim alleged in each count and the factual basis for each

Defendant's liability; addressing each Defendant's alleged basis for liability without resort to group pleading."

*Statement:*

1.     As to Defendant Bentley, Plaintiff alleges that Bentley lacked articulable suspicion to detain him for Cantin, and thus, by seizing Plaintiff and his cameras, violated Plaintiff's Fourth Amendment rights.

2.     Also as to Defendant Bentley, Plaintiff alleges that, even if Bentley had articulable suspicion to detain him for Cantin, by seizing Plaintiff and his cameras because Plaintiff engaged in First Amendment activity, Bentley violated Plaintiff's Fourth Amendment rights.

3.     As to Defendant Cantin, Plaintiff alleges that Cantin lacked probable cause to arrest Plaintiff, seize his cameras, and take him to the "staging area," and thus, violated Plaintiff's Fourth Amendment rights by doing these things.

4.     Also as to Defendant Cantin, Plaintiff alleges that even if Cantin had probable cause to do these things, he violated Plaintiff's Fourth Amendment right by doing them because Plaintiff engaged in First Amendment activity.

5.     As to Defendant Carter, Plaintiff alleges that Carter lacked articulable suspicion or probable cause to prolong the detention and threaten Plaintiff with formal arrest if he did not delete his footage, and violated Plaintiff's Fourth Amendment right by doing these things.

6.      Also as to Defendant Carter, Plaintiff alleges that even if Carter had articulable suspicion or probable cause to prolong the detention and threaten Plaintiff with formal arrest, he violated Plaintiff's Fourth Amendment right by doing these things because Plaintiff engaged in First Amendment activity.

Respectfully submitted this 20th day of July, 2026.

*/s/ Brian J. Sutherland*
Georgia Bar No. 105408

Beal, Sutherland, Berlin & Brown, LLC
945 East Paces Ferry Rd NE, Suite 2275
Atlanta, Georgia 30345
678-449-0361
brian@beal.law

Gerald Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, GA 31107
(404) 522-0507
wgerryweber@gmail.com

Drago Cepar
Georgia Bar No. 142362

1900 The Exchange, Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dragoceparlaw@gmail.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MICHAEL WATCHULONIS,

    Plaintiff,

    v.

CITY OF ATLANTA, et. al,

    Defendants.

CIVIL CASE NO.:
1:23-CV-02204-MLB

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing PLAINTIFF'S NOTICE OF FILING to the Clerk of Court using the CM/ECF system which will automatically send notification and a copy of the same to all counsel of records in this case.

                    */s/ Brian J. Sutherland*
                    Georgia Bar No. 105408

Beal, Sutherland, Berlin & Brown, LLC
945 East Paces Ferry Road, Suite 2275
Atlanta, Georgia 30326
678-449-0361
brian@beal.law

4